IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SEAN W. LEE, # 20178-076                )
U.S. Penitentiary                       )
P.O. Box 1000            Petitioner,    )
Marion, IL 62959                        )
vs.                                     )
                                        )
FEDERAL BUREAU OF INVESTIGATIONS,       )
                                        )
                        Defendant.      )

Case: 1:15-cv-00180
Assigned To : Chutkan, Tanya S.
Assign. Date : 2/4/2015
Description: Pro Se Gen. Civil

## CIVIL COMPLAINT PURSUANT TO THE PRIVACY ACT, 5 U.S.C. § 552a

Petitioner, Sean W. Lee, pro se, respectfully files this civil complaint pursuant to the Privacy Act, 5 U.S.C. § 552a and states the following in support:

### PARTIES

Petitioner is a federal inmate confined within the Federal Bureau of prisons ("BOP") who is currently located at U.S. Penitetiary Marion, Illinois.

Respondent is the Federal Bureau of Investigations ("FBI") who is an "agency" defined by the Privacy Act responsible for creating and maintaining records in a timely, accurate and complete manner.

### JURISDICTION AND VENUE

This Honorable Court has jurisdiction over this action pursuant to 5 U.S.C. § 552a, as the matters in controversy arise under the Privacy Act.

RECEIVED

JAN 2 0 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

- 1 -

Venue is properly vested in this Court as there exists a complete diversity of citizenship between the parties and the FBI is located within the district.

## PREVIOUS LAWSUITS

Petitioner has no other lawsuits dealing with the same facts or otherwise relating to his confinement.

This complaint is **NOT** related to Petitioner's current confinement within the BOP.

## FACTS

On January 8, 2004, upon receiving a request for assistance from the Collierville, Tennessee Police Department concerning a state criminal investigation of Petitioner, FBI Special Agent Stephen K. Lies and others unknown, initiated an official investigation and created case ID 305D-ME-57442, Titled SEAN WILLIAM LEE; INNOCENT IMAGES MAJOR CASE 110.

This agency record was last updated August 23, 2004.  At the time this agencyrecord was created, Petitioner had no knowledge of it's existence or of its contents.

Several years later, thorugh a Freedom of Information Act ("FOIA") request, Petitioner obtained a copy of the referenced record, Case ID# 305D-ME-57442.

Upon the realization that the referenced Case ID was false and inaccurate, Petitioner filed a Privacy Act complaint with the FBI on December 8, 2014.

This Privacy Act complaint was set certified mail # 7013

2630 0000 0955 8702 and detailed in willful and intentional inaccuracies contained within the record.

As of the filing of this instant civil complaint, there has been no response from the FBI.  This non-response appears to be a willful and intentional non-compliance with the Privacy Act.

Based on the adverse action taken by the FBI and the false, inaccurate information contained within the record, Petitioner has been and is continuing to be harmed by the FBI's non-complaince with the Privacy Act.

PRIVACY ACT

Section 552a(e)(5) of the Privacy Act ("ACT") provides that each agency that maintains a system of records must maintain all records with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination.  5 U.S.C. § 552a(e)(5).

Section 552a(g) of the Act provides civil remedies for violations of section (e)(5).  In particular, section 552a(g)(1)(C) permits a civil action if an agency fails to maintain any record concerning any individual and consequently a determination is made which is adverse to the individual.  5 U.S.C. § 552a(g)(1)(C). And section 552a(g)(4) provides that in any action brought under section (g)(1)(C), in which the Court determines that the agency acted in a mannerwhich was intentional or willful, the United States shall be liable for actual damages sustained by the individual not less than $1,000.00 as well as litigation costs and attorney's

fees.  5 U.S.C. § 552a(g)(4).

## SUMMARY

Based on the foregoing as well as the facutal record, the FBI, specifically Special Agent Stephen K. Lies and other unknown Special Agents, willfully and intentionally created a fake, inaccurate agency record which the FBI has refused to correct. This incorrect information contianed within the record has been used by other agencies that maintain records to make an adverse determination, thus causing continual  harm to Petitioner. The attached Privacy Act complaint filed with the FBI provides the details and specific information that is incorrect.  Petitioner hereby re-alleges and incorporates this complaint in its entirety by reference.

## RELIEF REQUESTED

WHEREFORE, based on the foregoing, Petitioner requests this Honorable Court find that the FBI has violated the Privacy Act by it's willfull and intentional actions and is liable to Petitioner for Damages as allowed by the Act.  Petitioner also requests that the FBI be required to correct the record as the information needed to correct the record can be verified.

Respectfully submitted,

Date:  1/12/2015

Sean W. Lee, pro se
Reg. No. 20178-076
U.S. Penitentiary
P.O. Box 1000
Marion, Illinois  62959

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief, this 12th day of January , 2015.

Sean W. Lee

# APPENDIX

# A

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ 1.00 |
| Certified Fee | 3.20 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.20 |

Sent To  FBI - FOIA/PA office
Street, Apt. No.; or PO Box No.  935 Pennsylvania Ave. NW
City, State, ZIP+4  Washington DC 20535

PS Form 3800, August 2006                    See Reverse for Instructions

7013 2630 0000 0955 8702

Sean W. Lee
Reg. No. 20178-076
U.S. Penitentiary
P.O. Box 1000
Marion, Illinois  62959

*COPY*

November 27, 2014

Federal Bureau of Investigation
Records Mgmt. Division—FOIA/PA Office
9th and Pennsylvania Avenue, N.W.
Washington, D.C.  20535

*Mailed via
Legal Mail
11/8/2014*

RE: Privacy Act complaint, case ID # 3050-ME-57442
    SEAN WILLIAM LEE, SSAN 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
    Record Date: August 23, 2004

Dear FOIA/PA Officer:

I.   This is an official complaint concerning the above referenced
     case ID pursuant to Title 5 United States Code, Section
     552a by the willful, knowing, and intentional creation of
     a false, inaccurate and incomplete Agency Record by FBI
     Special Agent Stephen K. Lies and/or some other unknown
     Special Agent created on January 8, 2004 and updated August
     23, 2004.

     Section 552a(e)(5) of the Privacy Act ("Act") provides that
     each agency that maintains a system of records must maintain
     all records with such accuracy, relevance, timeliness, and
     completeness as is reasonably necessary to assure fairness
     to the individual in the determination.  5 U.S.C. § 552a(e)(5).

     Section 552a(g) of the Act provides civil remedies for violations
     of Section (e)(5).  In particular, § 552a(g)(1)(C) permits
     a civil action if an agency fails to maintain any record
     concerning any individual and consequently a determination
     is made which is adverse to the individual.  5 U.S.C. §
     552a(g)(1)(C).  And § 552a(g)(4) provides that in any action
     brought under § (g)(1)(C), in which the court determines
     that the agency acted in a manner which was intentional
     or willful, the United States shall be liable for actual
     damages sustained by the individual not less that $1,000.00
     as well as litigation costs and attorney's fees.  5 U.S.C.
     § 552a(g)(4).

Privacy Act complaint                                    Sean W. Lee
page 2                                                   Nov. 27, 2014

As along as the information contained in an agency's files
is capable of being verified, then under the Privacy Act,
the agency must do so.  If the agency willfully or intentionally
fails to maintain its records in that way, and as a result,
it makes a determination adverse to an individual, then
it will be liable to that person for money damages.

II. The record cited above, specifically page 3, dated August
23, 2004, with the paragraph which begins, "On 3/4/2004,
[redacted], defense attorney for Sean Lee, contacted Special
Agent (SA) [redacted].  [redacted] was considering a plea
agreement offered by Assistant District Attorney (ADA) [redacted]
and wanted to know what evidence was found by the FBI.
After consulting with the ADA [redacted], SA [redacted]
informed [redacted] of the profiles of Lee and the people
on his buddy list.  [redacted] indicated that he would support
accepting the plea agreement to his client."

This entire paragraph is materially and factually incorrect
for two reasons:

(a)   On that particular date, 3/4/2004, Mr. Lee did not
      have either retained nor court appointed counsel to
      represent him.  Mr. William Massey who ultimately represented
      Mr. Lee was not retained by Mr. Lee until May of 2004.
      So there is no possible way that any Special Agent
      with the FBI had a conversation with Mr. Lee's attorney.

(b)   Mr. Lee was not offered any plea agreement until August
      17, 2004, to which he accepted and plead guilty on
      August 18, 2004.  Mr. Lee's retained counsel never
      discussed any plea offer with him prior to this date
      and and  that he had engaged in any discussions with
      the FBI concerning any evidence that the FBI might
      have.

Based on the foregoing, this is false, inaccurate and incomplete
agency record in violation of the Act.

III. Page 4 of the above cited record, beginning paragraph states,
"Detective [redacted] advised that he provided testimony
earlier that day concerning the investigation of Sean William
Lee to a State of Tennessee, 25th District, Grand Jury.
Lee was subsequently indicted by the Grand Jury and charged
with violation of Tennessee Code Annotated ("TCA") 39-13-504,
criminal attempt, aggravated sexual battery—3 counts; and
TCA 39-13-504, solicitation aggravated sexual batter—1
count."

Privacy Act complaint                                  Sean W. Lee
page 3                                                 Nov. 27, 2014

This statement is false, inaccurate and incomplete for the
following reasons:

(a)   Mr. Lee was never indicted by a State of Tennessee
      Grand Jury.  In fact, Mr. Lee waived indictment and
      plead guilty to a criminal information.  His criminal
      case, # 104-00029 had only been filed for a Grand Jury
      hearing, but such a hearing never took place as Mr. Lee
      waived his right to be indicted.

(b)   Mr. Lee was charged by way of a criminal information
      with violation of Tennessee Code Annotated (TCA) 39-13-504,
      criminal attempt aggracated sexual batter—1 count
      and TCA 39-13-528, solicitation of a minor—NOT TCA
      39-13-504.

(c)   There is no 25th District Grand Jury in Memphis, Tennessee.
      There is only the  30th District.

IV. Page 4 of the same record, paragraph begining with, "On
    8/18/2004, Sean William Lee appeared before Judge Chris
    Craft, State of Tennessee, 25th Judicial District, Division
    8, to enter a guilty plea to all counts in the State indictment
    retunred against him on 8/4/2004."

    This statement is a false, inaccurate and incomplete for
    the following reasons:

    (a)   As stated previously, there is no "25th Judicial District"
          in Memphis Tennessee, only the 30th Judicial District.

    (b)   Mr. Lee did NOT plea guilty "to all counts in the State
          indictment returned against him on 8/4/2004" as he
          only plead guilty to a criminal information as waived
          his right to be indicted.  There was no "state indictment
          returned against him", as is incorrectly stated in
          the record.

To summerize, it would appear based on the foregoing that the
FBI willfully and intentionally created a false, inaccurate
agency record in violation of the Privacy Act.  In support of
his claims, Mr. Lee was provided documentary proof which verifies
the accuracy of the claims.  This false and inaccurate information
maintained by the FBI must be corrected immediately.  This willful
and intentional creation of a false information has been used
by other agencies to create additional records based on the
inaccurate information.  Failure to correct the record within
30 days will result in a Privacy Act suit being filed in federal
court for damages.

# EXHIBIT

# A

(Rev. 08-28-2000)

008jnr01.ec

# FEDERAL BUREAU OF INVESTIGATION

Precedence:  ROUTINE                          Date:  1/8/2004

To:  Baltimore                    Attn:  Squad 21/MMOC
     Memphis                      Attn:  Elsur

From:  Memphis
       Squad 8/Cyber Crimes
       Contact:  SA [                        ]

Approved By: [                    ]                          b2
                                                             b6
Drafted By: [                    ]                           b7C

Case ID #: 305D-ME-57442

Title:  SEAN WILLIAM LEE;
        INNOCENT IMAGES
        MAJOR CASE 110
        ITOM - SEOC

Synopsis:  To advise Baltimore that the Memphis Crimes Against
Children Task Force (MCACTF) has initiated an investigation regarding
captioned subject.

Details:  MCACTF has initiated an investigation upon receiving a
request for assistance from the Collierville (TN) Police Department
(CPD) concerning Sean Lee, a Collierville, Tennessee, resident who
utilizes the e-mail address "baacsd@yahoo".  Lee was arrested by CPD   b6
after reportedly approaching several Collierville [        ] juveniles  b7C
(ages [    ]) at a park and attempting to solicit a sexual relationship.

Captioned subject is further described as follows:

        Name:              Sean William Lee
        Race/Sex:          White/Male
        DOB:               09/27/1969
        SSAN:              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
        Residence:         719 Rhetts Way, Collierville, TN.

OO8JNROI.EC

To: Baltimore    From: Memphis
Re: 305D-ME-57442, 8/23/2004

[          ].  Detective [    ] advised that he provided testimony
earlier that day concerning the investigation of Sean William Lee
to a State of Tennessee, 25th District, Grand Jury.  Lee was
subsequently indicted by the Grand Jury and charged with violation
of Tennessee Code Annotated (TCA) 39-13-504, Criminal Attempt,
Aggravated Sexual Battery-3 counts; and TCA 39-13-504, Solicitation
Aggravated Sexual Battery-1 count.
        On 8/18/2004, Sean William Lee appeared before Judge
Chris Craft, State of Tennessee, 25th Judicial District, Division
8, to enter a guilty plea to all counts in the state indictment
returned against him on 8/4/2004.  Judge Craft sentenced Lee to a
total of three (3) years incarceration, which was thereafter
suspended.  Lee was also sentenced to 6 years probation, and
ordered to register as a sexual offender for the remainder of his
life.  Lee was not fined.

        On 8/23/2004, Assistant United States Attorney (AUSA) [    ]
[          ], Western District of Tennessee (WDT), 800 Federal
Building, 167 North Main Street, Memphis, Tennessee, telephone
number, [          ], was contacted regarding captioned matter by
Special Agent (SA) [          ], AUSA [          ] was provided
with the facts and circumstance of the investigation and state
prosecution regarding Sean William Lee.  AUSA [    ] advised that
due to the prosecution of Lee by the state of Tennessee, he would
decline federal prosecution.  AUSA [    ] was advised that Memphis
would conduct no further investigation in this matter and that all
evidence would be returned or disposed.

        Investigation continues.

b6
b7C

b2
b6
b7C

4

# EXHIBIT

# B

```
1        IN THE CRIMINAL COURT OF SHELBY COUNTY, TENNESSEE

2          THIRTIETH JUDICIAL DISTRICT OF MEMPHIS
                         DIVISION 8
3     -----------------------------------------------------

4    THE STATE OF TENNESSEE,        )        [   ] COPY
          Plaintiff,                )
5                                   )
     vs.                           )   CASE NO.:  I04-00029,
6                                   )   30, 31, 32
     SEAN WILLIAM LEE,              )
7         Defendant                 )
                                    )
8     -----------------------------------------------------
                         GUILTY PLEA
9                     AUGUST 18TH, 2004
      -----------------------------------------------------
10

11

         THE HONORABLE CHRIS CRAFT, PRESIDING JUDGE
12
                         APPEARANCES
13

14   FOR THE STATE:

15       SCOTT BEARUP
         Assistant District Attorney General
16       Shelby County District Attorney's Office
         201 Poplar Avenue - 3rd Floor
17       Memphis, Tennessee  38103

18
     FOR THE DEFENDANT:
19
         WILLIAM MASSEY
20       Attorney at Law
         3074 East Road
21       Memphis, Tennessee  38128

22

23                      Reported by
                        Fay Stinson
24                      Official Court Reporter

25
```

1    cross-examine all these witnesses and then put on proof

2    showing that you're innocent of these crimes.  You don't

3    have to put any proof on.  The State has to prove your

4    guilt beyond a reasonable doubt.  You don't have to

5    prove that you're not guilty.  Do you understand that?

6        A.    I understand.  Yes, sir.

7        Q.    At some point we would have if you were

8    indicted or go to trial on these informations, we would

9    have a motion about the State to consolidate these for

10   trial.  Your attorney could then also ask that they be

11   severed or not consolidated.  The State may wish to show

12   -- put all of these trials on at once to show your

13   identification.  Your attorney may wish to say well, no,

14   they don't need to be tried together for that.  And if I

15   did not allow the State to consolidate these, you would

16   have a separate trial on each one and neither jury would

17   know about your other charges.  Do you understand that?

18       A.    I understand.

19       Q.    But when you enter this guilty plea today,

20   you're waiving your right to have a jury trial, separate

21   jury trials on these charges.  Do you understand that?

22       A.    Yes, sir.

23       Q.    You also have a right to be indicted by the

24   grand jury and let them find probable cause that you

25   committed each one of these offenses before you would

1   have to come to criminal court on them.  You have signed

2   waivers.  And I'll show these to you in just a second.

3   On each one waiving your right to be indicted by the

4   grand jury and allowing just to speed this along since

5   you're in jail, allowing the State to bring these

6   charges just by filing an information without any

7   probable cause being found even though you had a

8   Preliminary Hearing.  Is that your signature on that

9   waiver?

10        A.    Yes, it is, your Honor.

11        Q.    And you signed all four of these; is that

12   correct?

13        A.    Yes, sir, Your Honor.

14        Q.    So you understand you're giving up your right

15   in addition to being indicted by the grand jury before

16   you have to answer charges in criminal court?

17        A.    Yes, sir.

18        Q.    You also have a right to have your attorney

19   put witnesses on to show you're innocent.  You don't

20   have to but you can.  If you're worried that your

21   witnesses can't be found or won't show up for court, if

22   your attorney gives me a list of their names on a

23   subpoena, I'll order your witnesses to come court.  I'll

24   force them to testify for you even if I have to have

25   your witnesses found, arrested, brought from another

# EXHIBIT

# C

IN THE CRIMINAL COURT OF SHELBY COUNTY, TENNESSEE
30th JUDICIAL DISTRICT AT MEMPHIS
DIVISION VIII

STATE OF TENNESSEE,              )
                                 )
                      Plaintiff, )
                                 )  I04-00029
vs.                              )
                                 )  Honorable Chris Craft
                                 )
SEAN WILLIAM LEE,                )
                                 )
                      Defendant. )

## MOTION REQUESTING GRAND JURY TRANSCRIPTS

COMES NOW, Sean William Lee, Defendant, pro se, respectfully filing this motion requesting the grand jury transcripts generated in the above referenced case and states the following in support:

1.  On August 18, 2004, Mr. Lee entered a guilty plea in the form of an Alford plea to the above styled criminal information charging him with criminal attempt: aggravated sexual battery, receiving a three-year suspended sentence with six years of full probation.

2.  On December 24, 2013, Mr. Lee filed a "Motion for Writ of Error Coram Nobis", which this Court dismissed without a hearing on January 3, 2014.

3.  On January 19, 2014, Mr. Lee field a "Notice of Appeal" with this Court, thereby appealing to the Criminal Court of Appeals of Tennessee the order dismissing the "Motion for Writ of Error Coram Nobis".  This appeal is currently pending.

4.  On October 23, 2014, Mr. Lee received a copy of the

1

guilty plea and voir dire transcripts generated as part of the
August 18, 2004 sentencing hearing.

5. On pages 15 and 16 of these transcripts, attached as
"Exhibit A" as part of the voir dire, Mr. Lee is questioned
concerning his indictment on line 23, which states: "You have
a right to be indicted by the grand jury and let them find probable
cause that you committed each one of these offenses before you
would have to come to criminal court on them. You have signed
waivers. And I'll show you these in just a second. On each
one waiving your right to be indicted by the grand jury and
allowing just to speed this along since your in jail, allowing
the state to bring these charges just by filing an information
without any probable cause being found even though you had a
preliminary hearing." Tr. at 15, 23-25 and 16, 1-8.

6. On November 10, 2014, by way of a Freedom of Information
Act (FOIA) request, Mr. Lee obtained a redacted copy of his
FBI file, case ID #3050-ME-57442, concerning the FBI's involvement
into this criminal case. See attached "Exhibit B" which contains
pages 2-4 of said case file, dated 8/23/2004.

7. This instant request for grand jury transcripts is
specifically related to page 4 of the FBI case file concerning
the statement in the official record by the Special Agent investi-
gating the case which states: "Detective [redacted] advised
that he provided testimony earlier that day concerning the investi-
gation of Sean William Lee to a State of Tennessee, 25th District,
Grand Jury with violation of Tennessee Code Annotated (TCA)
39-13-504 ..." It further states, "on 8/18/2004, Sean William

Lee appeared before Judge Chris Craft, State of Tennessee, 25th

Judicial District, Division 8, to enter a guilty plea to all

counts of the state indictment returned against him on 8/4/2004."

See "Exhibit B", page 4, ¶ 1-2.

8.  Based on the foregoing records, obviously something

is wrong and must be corrected.  Either Mr. Lee was in fact

indicted, or be was not and waived indictment.  Apparently there

was some type of grand jury testimony provided which Mr. Lee

was never made aware of by a Collierville PD Detective on 8/4/2004.

9.  It is for these reasons that Mr. Lee respectfully requests

a copy of the grand jury transcripts at his own expense.  If

no such transcript exist, he respectfully requests an order

from this Court stating such as that orderwill serve as prima

facie evidence for a Privacy Act violation pursuant to 5 U.S.C.

§ 552a.


WHEREFORE, based on the foregoing, Sean W. Lee respectfully

requests this Honorable COurt grant this motion requesting grand

jury transcripts at his expense if in fact such exist or alternatively,

an order from this Court stating no such grand jury hearing

took place as Mr. Lee waived indictment as part of his plea.

Respectfully submitted,

Date: _8/18/14_

_Mailed via Legal Mail_

_on 11/19/14 @ 6:30Am_

_Sean W. Lee_

Sean W. Lee, pro se
Reg. No. 20178-076
U.S. Penitentiary
P.O. Box 1000
Marion, Illinois   62959