UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SEAN WILLIAM LEE,

                        Plaintiff,

    v.

FEDERAL BUREAU OF INVESTIGATION,

                        Defendant.

Civil Action No. 15-0180 (TSC)

**MEMORANDUM OPINION**

Plaintiff Sean William Lee brings this action under the Privacy Act, *see* 5 U.S.C. § 552a, against the Federal Bureau of Investigation ("FBI"), a component of the United States Department of Justice ("DOJ"). *See* Second Am. Compl. ¶¶ 2-3. This matter is before the court on Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. For the reasons stated below, the motion will be granted.

**I. BACKGROUND**

On August 18, 2004, Plaintiff entered "an 'Alford' plea to a State of Tennessee Criminal Information filed [on] August 4, 2004 by the District Attorney for the 30th Judicial District [court in] Shelby [County, Tennessee]." *Id*. ¶ 8.[1] He also "waiv[ed] his right to be indicted by a State of Tennessee grand jury." *Id*. ¶ 9. The Tennessee court conducted a "combined plea and

---

[1] "An *Alford* plea is one where the defendant enters a guilty plea while maintaining his innocence." *Corley v. U.S. Parole Comm'n*, 709 F. Supp. 2d 1, 3 n.3 (D.D.C. 2009) (citing *North Carolina v. Alford*, 400 U.S. 25 (1970)).

sentencing hearing" on August 18, 2004, *id*. ¶ 10, at which time "Plaintiff was sentenced to a suspended 3-year term of imprisonment and 6-year[ term] of supervised probation," *id*. ¶ 11.

Plaintiff submitted a Freedom of Information Act request to the FBI in February 2010, and among the records released to him on May 24, 2010 were "redacted copies of documents located in the file number 305D-ME-57442, maintained under plaintiff's [TC1]name." Mem. of P. & A. in Support of Def.'s Mot. to Dismiss or, in the Alternative, for Summ. J., Decl. of David M. Hardy ("Hardy Decl.") ¶ 3; *see* Second Am. Compl. ¶ 14. According to Plaintiff, "on [or about] August 23, 2004, FBI Special Agent Stephen K. Lies created 'Case ID 305D-ME-57442 Titled SEAN WILLIAM LEE; INNOCENT IMAGES MAJOR CASE 110,'" Second Am. Compl. ¶ 12 (emphasis in original), when he "investigated and arrested" Plaintiff in an "unrelated [federal] criminal' case in the Western District of Tennessee." *id*. ¶ 19.

According to the FBI's declarant, file number 305D-ME-57442 contained "an Electronic Communication . . . dated August 23, 2004 drafted by an FBI Special agent" summarizing the "FBI's involvement in assisting [with the] Collierville[, Tennessee] Police Department's investigation of plaintiff for possible possession of child pornography." Hardy Decl. ¶ 3. The file "was compiled in the FBI's Central Records System ('CRS')" in the course of "the FBI's fulfillment of its law enforcement duties associated with [the] criminal investigation [of Plaintiff's efforts] to solicit sexual relations with a minor . . . result[ing] in charges filed against [P]laintiff by the State of Tennessee." *Id*. ¶ 11. "The purpose of the [Electronic Communication] was to request return of the evidence against [Plaintiff] from the [FBI's] Memphis Field Office." *Id*. ¶ 3.

On the belief that information in the FBI's records was "false and inaccurate," *id*. ¶ 15, Plaintiff submitted "an official complaint concerning [file number 305D-ME-57442] pursuant to

Title 5[,] United States Code, Section 552a by the willful, knowing, and intentional creation of a false, inaccurate and incomplete Agency Record by FBI Special Agent Stephen K. Lies . . . on January 8, 2004 and updated August 23, 2004," Hardy Decl., Ex. B at 1, "in an attempt to correct the record," Second Am. Compl. ¶ 15.  He claimed "that the FBI willfully and intentionally created a false, inaccurate agency record in violation of the Privacy Act" because information in the file indicated, among other things, that Plaintiff had been indicted by a Tennessee grand jury.  *See* Hardy Decl., Ex. B at 3.  Plaintiff's complaint was met with "silence and non-compliance." Second Am. Compl. ¶ 22.

According to Plaintiff, Special Agent Lies "testified before a federal grand jury and presented . . . information contained within" file number 305D-ME-57442, including a statement "that Plaintiff had 'in-fact' been indicted by a Tennessee grand jury when no grand jury proceeding [took] place."  *Id*. ¶ 19.  Subsequently, Plaintiff "pleaded guilty to one count of using interstate 'instant messages' over an interstate telephone system . . . to knowingly attempt to persuade, induce, entice or coerce a female [under] 18 years of age to engage in a sexual act in violation of 18 U.S.C. §[] 2422(b)," Hardy Decl. ¶ 10, for which he now is serving a 188-month term of imprisonment, Second Am. Compl. ¶ 20.  In Plaintiff's view, Special Agent Lies' testimony before the federal grand jury "result[ed] in prejudice and actual harm to [him], specifically that the [information in file number 305D-ME-57442] stated that Plaintiff had 'in-fact-been indicted by a Tennessee grand jury when no grand jury proceeding [took] place." Second Am. Compl. ¶ 19.  The "actual damage[]" Plaintiff allegedly suffered was the return of "a federal indictment . . . related to testimony concerning the agency record in question, for which Plaintiff was subsequently convicted in federal court and is serving prison time."  *Id*. ¶ 24. He has demanded compensatory damages and injunctive relief.  *See id*. ¶¶ 28-30.

3

## II.  DISCUSSION

Generally, "[t]he Privacy Act regulates the collection, maintenance, use, and dissemination of information about individuals by federal agencies." *Wilson v. Libby*, 535 F.3d 697, 707 (D.C. Cir. 2008) (internal quotation marks and citations omitted).  For example, subsection (e)(5) of the Privacy Act requires that an agency "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as to assure fairness to the individual in the determination."  5 U.S.C. § 552a(e)(5).  An individual may request access to and amendment of an agency's records or information in a system of records pertaining to him.  *See id.* § 552a(d).  That individual may file a civil action against an agency which "makes a determination . . . not to amend an individual's record in accordance with his request," *id.* § 552a(g)(1)(A), or if the agency:

> fails to maintain any record concerning [him] with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to [him] that may be made on the basis of such record, and consequently a determination is made which is adverse to [him].

*Id.* § 552a(g)(1)(C).  And if the court determines that the agency's actions were willful or intentional, it may award actual damages sustained by the individual as a result of the agency's failure to maintain its records with the requisite level of accuracy, and further may award costs of the action and attorney fees.  *Id.* § 552a(g)(4).

### A. *Plaintiff's Privacy Act Claim Is Untimely*

A civil action under the Privacy Act must be filed within two years from the date a claim accrues, *see id*. § 552a(g)(5), unless equitable tolling of the limitations period is warranted. *See Chung v. U.S. Dep't of Justice*, 333 F.3d 273, 278 n.1 (D.C. Cir. 2003). "The only exception to the rule arises if an agency 'materially and willfully misrepresented any information,'" and in such circumstances, "the action may be brought at any time within two years after discovery by the individual of the misrepresentation." *Samtmann v. U.S. Dep't of Justice*, 35 F. Supp. 3d 82, 88 (D.D.C. 2014) (quoting 5 U.S.C. § 552a(g)(5)), *aff'd*, No. 14-5115, 2015 WL 236560 (D.C. Cir. Jan. 16, 2015) (per curiam).

The FBI moves to dismiss Plaintiff's Privacy Act claim on the ground that it is barred by the two-year statute of limitations. *See* Def.'s Mem. at 7-8. FBI records reflect that the relevant Electronic Communication from file number 305D-ME-57442 was released to Plaintiff on May 24, 2010 in response to his Freedom of Information Act request, such that the two-year limitations period expired long before Plaintiff filed this action nearly four years later in 2015. Further, the FBI argues, tolling is not warranted because Plaintiff fails to allege facts to show that the agency willfully or intentionally misrepresented information pertaining to him or its criminal investigation of his activities. *See id*. at 8.

Plaintiff's cause of action arose when he knew or had reason to know of the alleged Privacy Act violation. *See Ramirez v. Dep't of Justice*, 594 F. Supp. 2d 58, 62 (D.D.C. 2009). Presumably Plaintiff knew or had reason to know that the Electronic Communication contained false or inaccurate information upon receipt of records from the FBI in response to his FOIA request. Plaintiff's response to the FBI's motion to dismiss does not mention the statute of limitations, set forth any basis for equitable tolling, or proffer alleged facts to support his wholly conclusory assertions of the FBI's supposed willful and intentional misrepresentations.

The court concludes that Plaintiff's Privacy Act claim is barred by the statute of limitations and, therefore must be dismissed. Even if Plaintiff had timely filed his Privacy Act claim, dismissal still is warranted because the relief he demands is not available.

*B. The CRS Is Exempt from the Privacy Act's Amendment and Damages Provisions*

An agency head may promulgate regulations to exempt a system of agency records from certain provisions of the Privacy Act. *See* 5 U.S.C. § 552a(j). Pursuant to this authority, FBI regulations exempt its Central Records System, the system of records where file number 305D-ME-57442 is maintained, *see* Hardy Decl. ¶¶ 3, 11, from the Privacy Act's amendment and damages provisions, *see* 5 U.S.C. § 552a(j)(2); *see also* 28 C.F.R. § 16.96(a).[2] The FBI's declarant explains:

> [T]he [relevant record] is an [Electronic Communication] located in the FBI's CRS, in criminal file number 305D-ME-57442, under plaintiff's name. Records in systems of records that have been exempted from amendment and correction provisions under the Privacy Act, 5 U.S.C. § 552a(j) by notice published in the Federal Register are not subject to amendment or corrections. *See* 28 [C.F.R.] § 16.46. The FBI's CRS is a system of records specifically exempt from the individual access provision and other provisions of

---

[2] The FBI's Central Records System is exempt from subsections (d) and (g) "because these provisions concern individual access to investigative records, compliance with which could compromise sensitive information classified in the interest of national security, interfere with the overall law enforcement process by revealing a pending sensitive investigation, possibly identify a confidential source or disclose information which would constitute an unwarranted invasion of another individual's personal privacy, reveal a sensitive investigative technique, or constitute a potential danger to the health or safety to law enforcement personnel." 28 C.F.R. § 16.96(b)(2). CRS is exempt from subsection (e)(5) because:

> [I]n the collection of information for law enforcement purposes it is impossible to determine in advance what information is accurate, relevant, timely and complete. With the passage of time, seemingly irrelevant or untimely information may acquire new significance as further investigation brings new details to light. The restrictions imposed by subsection (e)(5) would limit the ability of trained investigators and intelligence analysts to exercise their judgment in reporting on investigations and impede the development of criminal intelligence necessary for effective law enforcement. In addition, because many of these records come from other federal, state, local, joint, foreign, tribal, and international agencies, it is administratively impossible to ensure compliance with this provision.

28 C.F.R. § 16.96(b)(6).

>   the Privacy Act to the extent permitted under 5 U.S.C. § 552a(j)(2), as implemented by 28 C.F.R. § 16.96. CRS (Justice/FBI-002) documents are exempt from . . . 5 U.S.C. § 552a(c)(3), (d), (e)(l), (e)(2), (e)(3), (e)(4)(G) and (H), (e)(5), (e)(8), (f) and (g). *See* 28 [C.F.R.] § 16.96. In sum, any responsive CRS records about plaintiff are exempt under applicable Privacy Act statutory and regulatory authority.

Hardy Decl. ¶ 11 (footnote omitted). In other words, Plaintiff cannot enforce under § 552a(g) a violation of § 552a(e)(5) because the CRS is exempt from both of these Privacy Act provisions. Plaintiff's complaint fails to state a Privacy Act claim upon which relief can be granted, and therefore must be dismissed. *See, e.g., Rush v. Samuels*, 82 F. Supp. 3d 470, 485 (D.D.C. 2015).

### III. CONCLUSION

Because the complaint fails to state a Privacy Act claim upon which relief can be granted, the Court will grant the FBI's motion to dismiss. An Order is issued separately.

*Tanya S. Chutkan*

DATE: March 28, 2016                    TANYA S. CHUTKAN
                                        United States District Judge